UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

KEVIN CONDON,
Plaintiff,

v.

AMERICAN EXPRESS COMPANY,
Defendant.

## COMPLAINT

The Plaintiff, Kevin Condon, ("Plaintiff) brings this cause of action against the Defendant, American Express Company ("Defendant" or "American Express"), and alleges as follows:

### NATURE OF ACTION

1. The Plaintiff alleges that the Defendant has subjected him to negligent misrepresentations, unlawful debt collection practices and unfair and deceptive practices in violation of the Massachusetts Consumer Protection Act, Massachusetts General Laws, Chapter 93A, Section 9, as well as the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692--1692o.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692--1692o and pursuant to diversity jurisdiction, under 28. U.S.C. §1332.

3. Venue is proper in the Eastern District of Massachusetts, pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events that give rise to this Complaint occurred in this district.

### PARTIES

4. The Plaintiff is a resident of Massachusetts.

5. The Defendant is a corporation with a principal place of business in Miramar, Florida.

## FACTS COMMON TO ALL COUNTS

6. Mr. Condon has been a long-standing American Express card holder for approximately twenty-nine years.

7. On September 12, 2008, Mr. Condon was contacted by United Recovery Systems, LLP regarding the collection of a debt in the amount of $17,680.72 from the Defendant's company.

8. This account was associated with a small business American Express account held in the name of Mr. Condon's former employer, Retail Systems Alert Group ("RSAG").

9. This debt does not belong to Mr. Condon nor is it Mr. Condon's liability.

10. Moreover, on repeated occasions over the past year, both by telephone and by written correspondence to both Customer Service and the Defendant's Fraud Division, Mr. Condon has informed the Defendant that this debt is attributable to his former employer and not to him personally.

11. Moreover, the charges incurred on this account were incurred after Mr. Condon departed from his employment with RSAG in June 2006.

12. Despite these communications and evidence demonstrating this fact, the Defendant and United Recovery Systems, LLP continues to persist with its effort to unfairly and unlawfully recover this debt from Mr. Condon.

13. Moreover, Mr. Condon's repeated requests for information regarding this account, the alleged debt and liability have been left unanswered.

14. RSAG's liquidating agent, Christopher Finn, confirms that Mr. Condon's June 2006 departure from RSAG and his lack of liability for any charges accrued on the subject account.

15. Correspondence form Mr. Finn regarding Mr. Condon's departure date has been provided to the Defendant.

16. In November 2007, Mr. Condon's personal American Express account was frozen.

17. It was only at that time did he learn that an outstanding balance existed on RSAG's corporate account.

18. At that time, specifically on November 2, 2007, Mr. Condon explained to the Defendant's representative that he had not been associated with the company since June 2006 and suggested that the Defendant could confirm that no charges to the account could possibly be associated with his name since his May 2006 departure.

19. Mr. Condon also informed the Defendant that at no time since May 2006 did Mr. Condon receive any invoices from the Defendant.

20. Mr. Condon also advised the Defendant's representative that he had specifically requested from RSAG that his name be removed from any and all accounts, including but not limited to, American Express, American Express Merchant Services and Sovereign Merchant Services.

21. In fact, he noted, that charges to the subject account were likely made in the name of another RSAG employee.

22. With this information, the Defendant's representative, by the name of Brandon, advised Mr. Condon that since these charges were incurred after his departure from the company, they should have been removed from Mr. Condon's responsibility.

23. Additionally, Brandon referred Mr. Condon to the Fraud Division where he then relayed a similar account to a representative (named either Troy or Todd).

24. At that time, the Fraud Division representative advised Mr. Condon that the Defendant would remove the hold on his card and provide written notification to Mr. Condon as well.

25. Additionally, Mr. Condon was advised that the Fraud Division would investigate the matter as well.

26. Mr. Condon also stated that he had recently learned that RSAG had been closed and that he did not want the RSAG account liability to affect his credit rating.

27. In response, the Defendant's representative advised Mr. Condon that his personal card would be usable "in twenty minutes" and that the situation would not impact his credit rating.

3

28. He also assured Mr. Condon that in the event that if there was an inadvertent reporting to the credit bureaus, the Defendant would correct it.

29. Regrettably, Mr. Condon's card was not subsequently activated.

30. Mr. Condon then contacted the Defendant again and was advised that he should not have been told that his card would be "unblocked" but rather that it would take a few weeks and that he would be notified by December 1st of the outcome.

31. This, however, did not occur.

32. On December 21, 2007, Mr. Condon's card remained on hold.

33. Mr. Condon subsequently received a bill indicating the same charges showing the same outstanding, but incorrect balance as before.

34. Once again, Mr. Condon contacted the Defendant and made numerous efforts to resolve this situation, but to no avail.

35. In fact, Mr. Condon was advised by Troy that the Fraud Division had closed the investigation, but that they would reopen it, which would prevent his account from going into collections.

36. Mr. Condon was also advised that they would not restore his green card.

37. Subsequently, Mr. Condon was informed by the Defendant that his RSAG Account was closed and that his personal card was reopened and available for use.

38. This resolution, however, was short-lived.

39. Mr. Condon was soon contacted by the Defendant's employee who lacked knowledge of the recent history of Mr. Condon's account.

40. This employee then proceeded to advise Mr. Condon of this significant outstanding debt on the RSAG account.

41. Once again, Mr. Condon made numerous efforts to resolve this matter with lengthy phone calls between Mr. Condon and several different employees, clerks and supervisors from the Defendant.

42. Mr. Condon also corresponded with the Defendant on January 7, 2008 in an attempt to resolve this matter.

43. These efforts, however, did not provide any resolution to Mr. Condon's issue nor did they produce the information Mr. Condon requested.

44. On September 30, 2008, Mr. Condon served a demand letter pursuant to Massachusetts General Laws c. 93A upon the Defendant.

45. On October 16, 2008, Mr. Condon reiterated his demand upon the Defendant.

46. The Defendant, however, failed to provide Mr. Condon with a reasonable settlement offer within the requisite thirty days.

## COUNT 1-VIOLATION OF 93A

47. The Plaintiff incorporates by reference as if fully requested herein the allegations contained in paragraphs 1 through 46 of the Complaint.

48. At all relevant times, the Defendant has been engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts and all statutory prerequisites have been fulfilled under G. L. c. 93A.

49. By its conduct as set forth above, including but not limited to the violations of the 940 C.M.R. §§ 7.01 to 7.11, which constitute per se violations of G.L. c. 93A, the Defendant has engaged in unfair and deceptive acts and trade practices in violation of G.L. c. 93A.

50. By affirmatively misrepresenting facts regarding the RSAG account and Mr. Condon's alleged liability, the Defendant also committed an unfair and deceptive act and practice, thereby committing another violation of G.L. c. 93A.

51. By its conduct as set forth above, the Defendant also violated G.L. c. 93, § 49, thereby constituting a per se violation of G.L. c. 93A.

52. The above conduct also constitutes knowing and willful violations of G.L. c. 93A.

53. As a result of the Defendant's actions and/or omissions, Mr. Condon continues to be damaged in an amount to be determined at trial, doubled or trebled, including costs, interest and reasonable attorney's fees.

## COUNT II-VIOLATION OF 93A, § 49

54. Mr. Condon incorporates by reference as if fully requested herein the allegations contained in paragraphs 1 through 53 of the Complaint.

55. By its conduct as set forth above, the Defendant violated G.L. c. 93, § 49, the Massachusetts statute which expressly forbids debt collection "in any unfair, deceptive or unreasonable manner."

56. As a result of the Defendant's actions and/or omissions, Mr. Condon continues to be damaged in an amount to be determined at trial, doubled or trebled, including costs, interest and reasonable attorney's fees.

## COUNT III-VIOLATION OF 15 U.S.C. §§ 1692--1692o

57. Mr. Condon incorporates by reference as if fully requested herein the allegations contained in paragraphs 1 through 56 of the Complaint.

58. By its conduct as set forth above, the Defendant violated Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692--1692o.

59. As a result of the Defendant's actions and/or omissions, Mr. Condon continues to be damaged in an amount to be determined at trial, doubled or trebled, including costs, interest and reasonable attorney's fees.

## COUNT IV-NEGLIEGNT INFLICTION OF EMOTIONAL DISTRESS

60. Mr. Condon incorporates by reference as if fully requested herein the allegations contained in paragraphs 1 through 59 of the Complaint.

61. By its conduct as set forth above, the Defendant negligently inflicted emotional distress upon Mr. Condon.

62. As a result of the Defendant's actions and/or omissions, Mr. Condon continues to be damaged in an amount to be determined at trial, including costs, interest and reasonable attorney's fees.

## COUNT V-NEGLIEGNT MISREPRESENTATION

63. Mr. Condon incorporates by reference as if fully requested herein the allegations contained in paragraphs 1 through 62 of the Complaint.

64. By its conduct as set forth above, the Defendant made numerous negligent misrepresentations to Mr. Condon.

65. As a result of the Defendant's actions and/or omissions, Mr. Condon continues to be damaged in an amount to be determined at trial, including costs, interest and reasonable attorney's fees.

The Plaintiff demands a trial by a jury on all issues raised on all counts and in this Complaint.

WHEREFORE, the Plaintiff, Kevin Condon, demands judgment against the Defendant as follows:

a.  That judgment enter on all counts in favor of the Plaintiff;
b.  That actual damages be awarded to the Plaintiff, plus interest;
c.  That the Court treble those damages;
d.  That costs and attorney fees also be awarded to the Plaintiff; and
e.  That the Plaintiff be awarded such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED.
PLAINTIFF,
KEVIN CONDON
By His Attorney:

Helen G. Litsas #6448484
Law Office Of Helen G. Litsas
22 Mill Street, Suite 408
Arlington, MA 02476
(781) 646-1518 (phone)
(781) 646-1573 (facsimile)
helen@litsaslaw.com